IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Allen Dontell, )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>Susan Safford, Adrian Small, Joni )<br>Curcio, Cpl. Gray, Cpl. Atwood, )<br>Cpl. Gause, Cpl. Shover, Officer Lewis, )<br>Officer Hollywood, Officer Ray, Officer )<br>Davis, Officer Dahl, Officer Wortham, )<br>Officer Cyr, Officer Browning, Officer )<br>Weaver, Officer Squires, Officer )<br>Sanders, Officer Laska, Officer Dillon, )<br>F. Smalls, Nurse D. Winns, Cpl. )<br>Vermeer, Officer Steblinski, Officer )<br>Phillips, Officer Sweet, Jamie Wilson, )<br>K. Jones, Cpl. Collier, Officer Powers, )<br>and Beth Lawson, )<br>)<br>     Defendants. )<br>_____ ) | Civil Action No. 9:22-cv-1641-BHH<br><br>**<u>ORDER</u>** |

  This matter is before the Court upon Plaintiff Christopher Allen Dontell's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. On April 21, 2023, Defendants Atwood, Weaver, Squires, Laska, Phillips, and Powers (all employees of Horry County Sheriff's Office), filed a motion to dismiss. (ECF No. 55.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

  On April 24, 2023, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dispositive motion procedures and the possible consequences if he failed to respond adequately to the motion. (ECF No. 57.) Plaintiff filed a response to Defendants' motion on June 29, 2023,

and Defendants filed a reply on July 6, 2023. (ECF Nos. 80 and 86.)

After reviewing the record and the applicable law, the Magistrate Judge issued a report and recommendation ("Report") on October 11, 2023, outlining the issues and recommending that the Court grant these Defendants' motion to dismiss as to Plaintiff's claims regarding his serious medical needs. Specifically, after reviewing Plaintiff's allegations as to these Defendants, the Magistrate Judge found that Defendants Squires, Weaver, Phillips, and Laska all allegedly took some action in response to Plaintiff's complaints, "whether it was contacting medical staff about Plaintiff's dietary needs, providing Plaintiff a substitute meal, contacting a supervisor about Plaintiff's meals, or documenting an incident/conversation." (ECF No. 121 at 13.) Accepting Plaintiff's allegations as true, the Magistrate Judge found them insufficient to show that these Defendants subjectively recognized a risk of substantial harm and/or subjectively recognized that their actions were inappropriate in light of that risk. (*Id.* at 10-13.) Next, the Magistrate Judge likewise found that Plaintiff's allegations, even accepted as true, failed to state a plausible deliberate indifference claim as to Defendants Atwood and Powers. (*Id.* at 14-18.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.[1]

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] The Court notes that Plaintiff filed a motion to compel on October 13, 2023, but the motion is not related to the Magistrate Judge's Report and includes no objections to her findings and recommendations. (ECF No. 124.)

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's thorough analysis.

Accordingly, the Court hereby **adopts and incorporates** the Magistrate Judge's Report (ECF No. 121), and for the specific reasons set forth in the Report, the Court **grants** Defendants' motion to dismiss (ECF No. 55), thereby dismissing Defendants Atwood, Weaver, Squires, Laska, Phillips, and Powers from this action.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 30, 2023
Charleston, South Carolina