UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher Allen Dontell | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 9:22-cv-01641-BHH-MHC |
| v. | ) | |
| | ) | **Opinion and Order** |
| Susan Safford, Adrian Small RN, Joni | ) | |
| Curcio, Cpl. Gray, Cpl. Atwood, Cpl. | ) | |
| Gause, Cpl. Shover, Officer Lewis, | ) | |
| Officer Hollywood, Officer Ray, Officer | ) | |
| Davis, Officer Dahl, Officer Wortham, | ) | |
| Officer Cyr, Officer Browning, Officer | ) | |
| Weaver, Officer Squires, Officer | ) | |
| Sanders, Officer Laska, Officer Dillon, F. | ) | |
| Smalls, Nurse D. Winns, Cpl. Vermeer, | ) | |
| Officer Steblinski, Officer Phillips, | ) | |
| Officer Sweet, Jamie Wilson, K. Jones, | ) | |
| Cpl. Collier, Officer Powers, and Beth | ) | |
| Lawson, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff Christopher Allen Dontell ("Plaintiff"), proceeding *pro se*, brings this action

asserting claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

On July 20, 2023, Defendants Karen Jones (identified by Plaintiff as "K. Jones"), Elizabeth

Lawson (identified by Plaintiff as "Beth Lawson"), Adrian Smalls, Danielle Winns

(identified by Plaintiff as "Nurse D. Winns"), and Jamie Wilson (identified by Plaintiff as

"Jamie Watson") (collectively, the "Medical Defendants") filed a motion for summary

judgment. (ECF No. 96.) Plaintiff filed a response in opposition to the motion (ECF No.

115), and Medical Defendants filed a reply. (ECF No. 117.) Plaintiff filed a sur-reply (ECF

No. 149), which the Magistrate Judge considered given Plaintiff's *pro se* status.

On January 31, 2024, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Molly Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that this Court grant Medical Defendants' motion for summary judgment as to Plaintiff's § 1983 claims. (ECF No. 175.) Plaintiff filed objections to the Report. (ECF No. 180.) Medical Defendants did not file objections to the Report or a reply to Plaintiff's objections. For the reasons set forth below, the Court adopts and incorporates the Magistrate Judge's Report and grants Medical Defendants' motion for summary judgment.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

2

II.     **Summary Judgment**

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

As an initial matter, the Magistrate Judge's Report sets forth the relevant background, facts, and evidence of record in great detail. Plaintiff objects that the Magistrate Judge "drew nearly every inference in favor of" Medical Defendants, failed to liberally construe Plaintiff's pleadings as he is *pro se*, and relied on Medical Defendants' evidence "without regard for" Plaintiff's evidence. (ECF No. 180 at 2.) After asserting these general and entirely conclusory objections, Plaintiff propounds several specific objections with regard to his dietary needs and heart issue(s).

### A. Food Intolerance

Plaintiff claims that Medical Defendants were deliberately indifferent to his serious medical needs by failing to accommodate his inability to digest animal proteins.  Plaintiff states that he was diagnosed as a child with an intolerance to animal proteins. (ECF No. 115-2 at ¶ 3.) Plaintiff objects to the Magistrate Judge's statement in footnote 4 of the

3

Report that '[t]here is no evidence before the Court of any grievance or request by Plaintiff for a special diet during his initial booking between November 11 and 20, 2020." (ECF No. 175 at 4 n.4.) Plaintiff claims this statement is untrue. He cites to his medical records during this period and contends that they show a special dietary alert was created on November 11, 2020, that read: "Allergies: Meat." (ECF No. 180 at 3.) Upon review, the Court notes that it is true that the records on this date reflect "Allergies: MEAT." (*See* ECF No. 96-8 at 61.) However, as accurately concluded by the Magistrate Judge, the records do not reflect any grievance by Plaintiff regarding a special diet nor do they reflect any request by Plaintiff for a special diet – rather, the records on this date reflect: "Special Dietary Needs: NO." (*Id.*) Moreover, the Court notes that Plaintiff appears to recognize this distinction in the "argument" section of his objections. (*See* ECF No. 180 at 14.) Thus, thus objection is without merit.

In another footnote, the Magistrate Judge noted that Plaintiff is alleging an intolerance, not an allergy, and stated that "[a] food allergy affects the immune system, while a food intolerance affects the digestive system and causes less serious systems than a food allergy." (ECF No. 175 at n.9.) In support of this statement, the Magistrate Judges cited to three separate online articles from reputable institutions (e.g., Mayo Clinic). (*Id.*) Plaintiff objects to the Report's suggestion that his food intolerance is not a serious medical condition because it affects his digestive system and not his immune system, asserting that: (1) this was not raised by any Defendants; (2) there is no law or case law stating that a condition must affect the immune system to be considered "serious" for purposes of § 1983; and (3) Plaintiff has alleged in the complaint and in his

declaration that he suffers reactions like persistent vomiting and nausea if he consumes animal meat. (ECF No. 180 at (A)(2).)

While Plaintiff quibbles about the Report's comment in a footnote on the semantics of food intolerance versus food allergy, a review of the Report reveals that the Magistrate Judge did *not* conclude that Plaintiff's food intolerance fails to establish a serious medical condition under § 1983 because it affects his digestive system. Rather, the Magistrate Judge properly found that Plaintiff's food intolerance is not objectively serious, in part, because Plaintiff failed to submit into evidence any medical records from his personal physicians or any other medical provider to support his allegations of a food intolerance to animal proteins. (ECF No. 175 at 16-17.) Plaintiff does not object on the basis that he *has* provided such evidence and that it was ignored by the Magistrate Judge. Additionally, the Magistrate Judge's conclusion was based on the lack of evidence in the record showing or supporting that Plaintiff's food intolerance was "so obvious that a lay person would easily recognize the necessity for a doctor's attention." (*Id.* at 18.)

Plaintiff also objects to this conclusion by the Magistrate Judge for several reasons that were previously raised in his response in opposition. To wit, Plaintiff takes issue with the Magistrate Judge's reliance on Dr. Garman's affidavit; Plaintiff states that he never told anyone that his condition never caused anaphylaxis, never reported that he has not had intractable vomiting, never reported that he has not had intractable vomiting, and never reported that he has never sued or been prescribed epinephrine. Plaintiff also repeats the symptoms he has had and Plaintiff states that he lost 23 pounds in four months. (ECF No. 180 at 3, 5-9.) These reasons were thoroughly addressed by the Magistrate Judge while keeping in mind the issue presented – "whether Plaintiff's food

5

intolerance is 'so obvious that a lay person would easily recognize the necessity for a doctor's attention." (ECF No. 175 at 18 (citing *Iko v. Shreve*, 535 F. 3d 225, 241 (4th Cir. 2008))). For example, the Report notes the lack of evidence showing Plaintiff has suffered any of the symptoms he has listed while at the Detention Center, such that none of the Medical Defendants (or anyone else) has seen any of the symptoms. (*Id.* at 18.) The Report also closely reviewed Plaintiff's medical records and properly concluded that Plaintiff's initial weight loss (BMI aside[1]) does not constitute nor is evidence of a serious medical condition to support a claim for deliberate indifference. (*Id.* at 18-20.) Thus, these objections are without merit.

The Magistrate Judge also concluded that Plaintiff failed to show that Medical Defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the food intolerance posed. Plaintiff objects to the Report's statement that there is no evidence that the medical alert entered by Defendant Lawson on February 10, 2022, was deleted or changed. (ECF No. 180 at 4.) Plaintiff contends that there is evidence prior to this date that medical alerts were deleted. (*Id.*) Plaintiff's contention, however, is based on evidence that was thoroughly addressed by the Magistrate Judge. (*See, e.g.,* ECF No. 175 at 25-27 (discussing hearsay issues and the affidavit of Steven Morgan and explaining why such evidence, even if considered, fails to show that Medical Defendants "intentionally, knowingly or recklessly acted or failed to act to appropriately address any risk Plaintiff's animal protein intolerance posed").) The Court finds no error in the Magistrate Judge's reasoning. As such, this objection is without merit.

---

[1] Thus, the Court finds Plaintiff's objection to the Report's references to his BMI without merit. (ECF No. 180 at 8.)

Lastly, Plaintiff objects to the Report's finding that his equal protection claim under the Fourteenth Amendment is not properly before the Court because Plaintiff failed to assert such a claim in his second amended complaint. (ECF No. 175 at 34.) Plaintiff states that he alleged this claim "in the Complaint, ECF 51, p. 15(B)." (ECF No. 180 at 10.) Plaintiff also objects to the Report's finding that, even if this claim was before the Court, Medical Defendants would be entitled to summary judgment. (ECF No. 175 at 34-35.) Plaintiff states that the evidence[2] shows "Jessie Lamant Holmes requested a bland diet because he <u>prefers</u> bland food, and that he receives a special diet meal plan without a medical diagnosis; and that Robert L. Williams requested a soft food diet because he <u>prefers</u> soft food, and that he receives a special diet meal plan without a medical diagnosis." (ECF No. 180 at 10) (emphasis in original).

The Court finds Plaintiff's objection moot, as the Magistrate Judge considered the merits of this claim and specifically addressed the evidence presented by Plaintiff in concluding that Medical Defendants are entitled to summary judgment. Moreover, it is evident that Plaintiff's substantive objection is nothing more than a regurgitation of the argument he set forth in his response in opposition. (*Compare id., with* ECF No. 115 at 54-55.) The Magistrate Judge considered Plaintiff's argument and evidence in support of this claim and found them unpersuasive. (ECF No. 175 at 34-35.) The Court has carefully reviewed the Report's ruling on Plaintiff's equal protection claim and finds no error.

**B. Heart Monitor**

The Report states that Plaintiff does not allege a specific "serious medical condition" regarding his heart but that Medical Defendants "interfered with the diagnosis

---

[2] Plaintiff cites only to ECF No. 99, which is Jessie Lamont Holmes' affidavit.

of Plaintiff's heart condition." (ECF No. 115 at 39.) Plaintiff objects to this statement on the basis that the complaint and discovery "establish atrial fibrillation." (ECF No. 180 at 10-11.) Plaintiff cites to the complaint where it states on two occasions "that Adrian Small believed Plaintiff may suffer from Atrial fibrillation," (ECF No. 51 at 20, 94), and he cites to two of three medical reports from February 2022, that note "atrial fibrillation." (ECF No. 96-8 at 10-11.)

Upon review, the Court finds these statements / reports do not support a finding that Plaintiff is alleging that he suffers from atrial fibrillation. Indeed, in the first instance, Plaintiff is relaying what Small allegedly believed, and in the latter instance, Plaintiff is relying on a notation that is clearly not a confirmed diagnosis by a doctor, as it states therein "Doctor needs to confirm the report." (*Id.*) Moreover, the Court notes that the third medical report from February 2022, to which Plaintiff does not cite, notes: "Normal ECG." (*Id.* at 12.) In any event, the Magistrate Judge acknowledged the above statements, properly found that they contain hearsay, and then addressed Plaintiff's allegations that he was placed on two heart monitors that were not managed properly by Medical Defendants. (*See* ECF No. 175 at 29-32.) As such, this objection is without merit.

Plaintiff also objects to the Report's statement that the heart monitor study ended on March 16, 2022, due to an inability to collect data. (*See* ECF No. 175 at 10.) Plaintiff contends that this statement is "not true." (ECF No. 180 at 11.) As an initial matter, the Report's factual section notes the March 17 and 31, 2022, notations by Defendant Wilson about the heart monitor device, which are raised by Plaintiff in support of this objection. Further, the Report's statement is based on undisputed medical records dated March 16, 2022, that state: "Per Cardiac MD, Heart Monitor study to end d/t inability to update.

8

Monitor to be sent back." (ECF No. 96-8 at 44.) More importantly, upon close review, the Court finds that the Magistrate Judge considered Plaintiff's complaints about the first heart monitor, reviewed the actions taken thereafter as to Plaintiff's heart concerns, and properly concluded based on all the medical records that Plaintiff does not have a heart condition and that Medical Defendants' actions or inactions were not objectively unreasonable nor did they harm Plaintiff. (*See* ECF No. 175 at 30-32.) Thus, Plaintiff's objection is without merit.

Lastly, Plaintiff objects to the Report's statement that "[o]n April 4, 2020, Plaintiff submitted a statement via an inmate correspondence form that his attorney 'advised [him] to put on record that we do not want my blood drawn at [the Detention Center],'" (ECF No. 175 at 9 n.6) (alternations in original), "to the extent the Magistrate Judge is attempting to draw yet another inference in favor of the moving Defendants." (ECF No. 180 at 12.) This statement is contained in the factual background section of the Report – specifically, it appears in a footnote as a follow up to the Report's statement about Plaintiff's undisputed refusal to have his blood drawn by Defendant Jones on February 23, 2022. (*See* ECF No. 175 at 9.) This statement is accurate, and Plaintiff does not contend otherwise. Thus, the Courts finds no support for Plaintiff's belief that this statement is somehow an attempt to draw an inference is favor of Medical Defendants. Accordingly, this objection is without merit.

In sum, the Court finds all of Plaintiff's objections without merit. Ultimately, Plaintiff has failed to point to any evidence that creates a genuine issue of material fact as to his § 1983 claims for deliberate indifference to food intolerance and to a serious medical need regarding his heart issues. Further, the Court agrees with the Magistrate Judge that, even

if Plaintiff had asserted an equal protection claim, Plaintiff has failed to present evidence entitling him to relief on this claim.

## CONCLUSION

In conclusion, the Court finds that the Magistrate Judge accurately summarized the facts and evidence of record and applied the correct principles of law, and the Court finds no merit to Plaintiff's objections. Therefore, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 175); overrules Plaintiff's objections (ECF No. 180); and **grants** Medical Defendants' motion for summary judgment. (ECF No. 96.)

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

March 14, 2024
Charleston, South Carolina