IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Allen Dontell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 9:22-cv-1641-BHH |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Susan Safford, Cpl. Gray, Cpl. Gause, | ) | |
| Cpl. Shover, Officer Lewis, Officer | ) | |
| Hollywood, Officer Ray, Officer Davis, | ) | |
| Officer Dahl, Officer Wortham, Officer | ) | |
| Cyr, Officer Browning, Officer Sanders, | ) | |
| Officer Dillon, F. Smalls, Cpl. Vermeer, | ) | |
| Officer Steblinski, Officer Sweet, Cpl. | ) | |
| Collier and Officer Powers, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Christopher Allen Dontell's ("Plaintiff")

emergency motion for injunctive relief.  (ECF No. 191.)  In accordance with 28 U.S.C. §

636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a Magistrate

Judge for preliminary review.

On June 26, 2024, the Magistrate Judge issued a Report and Recommendation

("Report"), outlining the issues and recommending that the Court deny Plaintiff's emergency

motion for injunctive relief.  (ECF No. 194.)  In her Report, the Magistrate Judge explained

that Plaintiff already dropped his claims against Defendants in their official capacities, and

that Plaintiff cannot seek prospective injunctive relief against Defendants in their individual

capacities where the requested relief relates to Defendants' official capacities.   The

Magistrate Judge also found that Plaintiff had not satisfied the requirements for preliminary

injunctive relief.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  In other words, for the reasons set forth by the Magistrate Judge, the Court finds that Plaintiff has not made a clear showing of the requirements for injunctive relief.  **Accordingly, it is hereby ORDERED that the Magistrate Judge's Report (ECF No. 194) is adopted and incorporated herein, and Plaintiff's emergency motion for injunctive**

**relief (ECF No. 191) is denied.**[1]

  **IT IS SO ORDERED.**

             /s/Bruce H. Hendricks
             United States District Judge

July 25, 2024
Charleston, South Carolina

---

[1] The Court notes that the same day the Magistrate Judge issued her Report addressing Plaintiff's motion for emergency injunctive relief, she also issued a separate Report addressing Defendants' motion for summary judgment. (*See* ECF No. 192.) Plaintiff *did* file written objections to the Magistrate Judge's other Report (ECF No. 197), and in the interest of creating a clear record, the Court will consider the other Report and Plaintiff's objections thereto in a separate order.