IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Allen Dontell,<br><br>Plaintiff,<br><br>v.<br><br>Susan Safford, Cpl. Gray, Cpl. Gause, Cpl. Shover, Officer Lewis, Officer Hollywood, Officer Ray, Officer Davis, Officer Dahl, Officer Wortham, Officer Cyr, Officer Browning, Officer Sanders, Officer Dillon, F. Smalls, Cpl. Vermeer, Officer Steblinski, Officer Sweet, Cpl. Collier, and Officer Powers,<br><br>Defendants. | Civil Action No. 9:22-1641-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Christopher Allen Dontell's ("Plaintiff") *pro se* complaint against the above-named Defendants (collectively referred to as "HCSO Defendants"), wherein he asserts claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On November 16, 2023, HCSO Defendants filed a motion for summary judgment, and on November 17, 2023, Plaintiff filed a cross-motion for summary judgment. (ECF Nos. 141, 148.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On June 26, 2024, United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant HCSO Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment. (ECF No. 193.) On July 18, 2024, Plaintiff filed objections to the

Report, and on August 1, 2024, HCSO Defendants filed a response to Plaintiff's objections. (ECF Nos. 197, 200.)

For the reasons set forth herein, the Court overrules Plaintiff's objections and adopts and specifically incorporates the Magistrate Judge's Report, thereby granting HCSO Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment.

## STANDARDS OF REVIEW

### I. Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 24 (4th Cir. 1990).

"As the moving party, Defendants are required to identify those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which they believe demonstrate the absence of genuine issues of material fact." *Perez v. Arnold Transp.*, No. 3:15-cv-3162-TLW, 2018 WL 2301850, at *3 (D.S.C. Feb. 12, 2018) (quoting *Celotex*, 477 U.S. at 323). "As the nonmoving party,

Plaintiff[ ] must then produce specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 317). "Plaintiffs may not rest on mere allegations or denials; they must produce 'significant probative evidence tending to support the complaint.' " *Id.* (quoting *Anderson*, 477 U.S. at 248). In other words, "the nonmoving party must go beyond the facts alleged in the pleadings and instead rely upon affidavits, depositions, or other evidence to show a genuine issue for trial." *Crawford v. Newport News Indus. Corp.*, No. 4:14-cv-130, 2018 WL 4561671, at *2. (E.D. Va. Mar. 2, 2018) (citing *Celotex*, 477 U.S. at 317), adopted in part, 2018 WL 2943445 (E.D. Va. June 11, 2018), appeal dismissed sub nom. *Kershaw v. Newport News Indus. Corp.*, 2018 WL 8058614 (4th Cir. Oct. 25, 2018). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 354 (4th Cir. 2011).

**II. The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

In this action, Plaintiff's claims against HCSO Defendants are related to three issues: (1) Plaintiff's dietary needs at the detention center; (2) Plaintiff's claim that HCSO Defendants interfered with Plaintiff's use of a heart monitor prescribed by a cardiologist; and (3) an alleged inmate assault in December of 2021. Also, Plaintiff alleges that HCSO Defendants Officer Hollywood and Cpl. Shover have threatened him with retaliation.

### I. The Magistrate Judge's Findings

In her extremely thorough, 55-page Report, the Magistrate Judge explained that most of the relevant facts and evidence regarding Plaintiff's dietary needs and heart monitor were detailed in her prior Report, dated January 31, 2024, as well as the Court's Order dated March 14, 2024, which adopted the Report pertaining to the motion for summary judgment filed by the Medical Defendants[1] in this case. (ECF Nos. 175, 184.) The Magistrate Judge did not repeat all of the evidence as to those two issues in the instant Report, but she provided a summary of it and set forth additional evidence pertaining specifically to Plaintiff's claims against HCSO Defendants. (*See* ECF No. 193 at 3-18.)

After outlining the relevant evidence, the Magistrate Judge evaluated Plaintiff's claims pursuant to the applicable law. First, with respect to Plaintiff's claim that he has not been provided with meals that accommodate his intolerance to animal proteins, the

---

[1] Karen Jones, Elizabeth Lawson, Adrian Small, Danielle Winns, and Jamie Wilson were collectively referred to as the "Medical Defendants" and have been dismissed from this action. (ECF No. 184.)

Magistrate Judge explained that "the evidence before the Court shows that Detention Center staff have attempted to accommodate Plaintiff's dietary needs since his arrival, albeit unsuccessfully on numerous occasions, but that even those meals that contain animal protein contain several other foods Plaintiff can eat," thereby negating his claim. (ECF No. 193 at 24.) *See Scinto v. Stansberry*, 841 F.3d 219, 233-34 (4th Cir. 2016) ("[The constitutional] requirement that prisoners receive special diets when medically appropriate is not without limit. Courts have consistently held that prison officials comply with this mandate when they provide some food that the complaining prisoner is able to eat without compromising his health."); *Blackburn v. South Carolina*, No. C A 006-2011-PMD-BM, 2009 WL 632542, at *15 (D.S.C. Mar. 10, 2009) (citing *Abernathy v. Cunningham*, 393 F.2d 775, 778 (4th Cir. 1968)), *aff'd*, 404 F. App'x 810 (4th Cir. 2010) ("The Fourth Circuit has held that a correctional facility is not obligated to provide a special meal to any inmate if an inmate can voluntarily refrain from eating certain offensive portions of meals and remain healthy."). Furthermore, with respect to Plaintiff's argument that the failure to provide him with a meatless meal is compromising his health, the Magistrate Judge found that the objective evidence suggests otherwise. Ultimately, the Magistrate Judge found that Plaintiff cannot establish that he has suffered an "extreme deprivation" for purposes of his § 1983 dietary claims.

In addition, the Magistrate Judge found that Plaintiff's claim that prison officials were deliberately indifferent to his medical needs failed because there was no evidence "to show that the meals served to Plaintiff were with an express intent to punish him, were not reasonably related to a legitimate nonpunitive government objective[,] or were excessive in relation to the Detention Center's purpose." (ECF No. 193 at 31.) The Magistrate Judge

further explained that Plaintiff's arguments ignored the absence of any medical diagnosis regarding his intolerance to animal proteins as well as the Detention Center's stated purposes for not provided requested meals to individual inmates. Furthermore, the Magistrate Judge noted the competing testimony of the parties as to whether Plaintiff still receives meals with meat, but explained that the evidence from the HCSO Defendants also shows that Plaintiff skipped breakfast on 54 of the 55 days between December 20, 2022, and February 13, 2023, which is undisputed by Plaintiff. (*Id.* at 38.) The Magistrate Judge explained: "While Plaintiff may choose not to eat the food offered to him by the Detention Center and eat commissary food instead, that does not establish liability as to the HCSO Defendants, and the Magistrate Judge found that Plaintiff failed to establish a material question of fact for purposes of a Fourteenth Amendment claim based upon his conditions of confinement." (*Id.*)

The Magistrate Judge next evaluated Plaintiff's claim that other inmates who preferred particular diets but did not have a medical diagnosis were provided food to accommodate their requests while Plaintiff was not, and she first found that Plaintiff's second amended complaint does not actually allege an Equal Protection claim. Regardless, however, the Magistrate Judge also found that *even if* Plaintiff had asserted such a claim, he failed to establish that HCSO Defendants treated him differently because of any suspect or protected classification, such as race or gender. Additionally, the Magistrate Judge noted that Plaintiff failed to establish that the two inmates to whom he refers were similarly situated. As such, the Magistrate Judge found that Plaintiff cannot establish an Equal Protection claim against any of the HCSO Defendants.

Next, the Magistrate Judge considered Plaintiff's deliberate indifference claim related

to the allegations regarding his heart monitor. After setting forth the applicable law, she first explained that Plaintiff has not established that he has a serious medical condition pertaining to his heart. Next, she determined that there was no evidence to show deliberate indifference on the part of Cpl. Collier or any other HCSO Defendant. Based on her review of the evidence and the applicable law, the Magistrate Judge found no question of material fact regarding Plaintiff's medical care or regarding whether any HCSO Defendant's action or inaction was objectively unreasonable or caused Plaintiff harm. Thus, the Magistrate Judge found that HCSO Defendants are entitled to summary judgment on Plaintiff's claim for deliberate indifference to a serious medical need regarding his heart monitor.

The Magistrate judge also considered Plaintiff's failure-to-protect claim based upon an assault that he states occurred in December of 2021. After outlining the competing evidence pertaining to the assault, the Magistrate Judge found that Plaintiff cannot establish that Officer Sanders or any other HCSO Defendant was aware of any risk of harm to Plaintiff by inmate Davis prior to the incident at the telephone in December of 2021. Additionally, the Magistrate Judge found that Plaintiff failed to show that, following the incident, inmate Davis was involved in further incidents with Plaintiff. Accordingly, the Magistrate Judge found that HCSO Defendants are entitled to summary judgment on Plaintiff's § 1983 claim for failure to protect.

After considering Plaintiff's failure-to-protect claim, the Magistrate Judge considered Plaintiff's claim that Officer Hollywood and Cpl. Shover threatened to retaliate against him because he filed this action. Ultimately, the Magistrate Judge found that Plaintiff cannot demonstrate the necessary elements of this claim and that Plaintiff's allegations of

threatened retaliation are insufficient to state a claim against any HCSO Defendant.

With respect to Plaintiff's claim that certain HCSO Defendants should be liable for supervisory liability, the Magistrate Judge found no evidence to establish that any of the Defendants against whom Plaintiff asserted this claim had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff.

Lastly, the Magistrate Judge found that HCSO Defendants are entitled to qualified immunity from Plaintiff's claims for monetary damages, first, because Plaintiff cannot establish the violation of any constitutional right and, second, because there is no clearly established law that would have put HCSO Defendants on notice that any of the legitimate penological actions they took in this case would violate any of Plaintiff's constitutional rights. Similarly, with respect to Plaintiff's claims for injunctive relief, the Court find that Plaintiff's claims fail because Plaintiff cannot establish the violation of any constitutional rights. Moreover, the Magistrate Judge noted that Plaintiff's § 1983 claims, including his injunctive relief claims, are asserted against the individual Defendants in their individual capacities (as Plaintiff already dropped his official capacity claims), but Plaintiff cannot sue a defendant in his individual capacity for injunctive relief where the injunction relates to the defendant's official capacity. *Ellerbe v. S.C. Dep't of Corr.*, No. 6:19-0096-RMG, 2020 WL 3446202, at *2 (D.S.C. June 24, 2020) (quoting *Community Mental Health Servs. of Belmont v. Mental Health & Recovery Bd.*, 150 F. App'x 389, 401 (6th Cir. 2005)).

Based on all of the foregoing, the Magistrate Judge recommended that the Court grant Respondent's motion for summary judgment and deny Plaintiff's cross-motion for summary judgment.

## II. Plaintiff's Objections

In his objections to the Magistrate Judge's Report, Plaintiff first asserts that the Report improperly "rubber stamp[s]" HCSO Defendants' motion for summary judgment and that the Report "blindly adopts the false statement asserted by the Defendants, who quoted the subjective and fraudulent affidavit of their associate co-worker, Lisa Picone, who testified under penalty of perjury that in November 2020 during Plaintiff's initial incarceration 'there is no record of any dietary alert.'" (ECF No. 197 at 2 (quoting ECF No. 193 at 6).) According to Plaintiff, the Magistrate Judge acknowledged on the same page in a footnote that notes were made in Plaintiff's file on November 11, 2020 (the date he was booked) indicating a meat allergy. (*See id.*)

After review, the Court finds Plaintiff's first objection unavailing as it misinterprets the Magistrate Judge's Report. In other words, the Court disagrees with Plaintiff that the Report "blindly adopts" the false statement of Defendants; rather, the Court finds that the Magistrate Judge accurately explained that "there is no record of any *dietary alert in Offendertrak* for Plaintiff" during his first booking.[2] (*Cf.* ECF No. 141-4 ¶ 9 and ECF No. 93 at 6 (emphasis added).) As Defendants point out in their response to Plaintiff's objections, Plaintiff has not offered any evidence to show that there was a dietary alter in Offendertrak in November of 2020. Furthermore, the Court finds this objection irrelevant to the Magistrate Judge's ultimate findings (1) that Plaintiff cannot establish that he has suffered an "extreme deprivation" for purposes of his § 1983 dietary claims or (2) that Plaintiff

[2] The Court also notes that Magistrate Judge Cherry previously addressed the validity of Piccone's affidavit in response to Plaintiff's motion to strike, and she found that it met the standard set forth in Rule 56(c)(4) of the Federal Rules of Civil Procedure. (*See* ECF Nos. 157, 178.)

cannot show that the meals served to him were served with an express intent to punish him, were not reasonably related to a legitimate nonpunitive government objective, or were excessive in relation to the Detention Center's legitimate purposes. After review, therefore, the Court overrules this objection and finds that the Magistrate Judge appropriately addressed Plaintiff's claims pertaining to his dietary needs and applied the correct principles of law to those claims.

As a second objection, Plaintiff asserts that the Magistrate Judge devoted an entire section of the Report to the "false assertion that the Defendants have not retaliated against Plaintiff for filing the lawsuit." (ECF No. 197 at 2.) He asserts that the Magistrate Judge essentially ignored the proof that Defendants moved him to a housing unit with excrement smeared on his walls, citing his declaration and the affidavits of Steven Morgan, Emanuel Johnson, and William Alston. (*Id.*)

As an initial matter, the Court notes that Plaintiff's second objection ignores the Magistrate Judge's finding that Plaintiff abandoned his retaliation claim because he did not mount any legal argument in response to HCSO Defendants' motion for summary judgment. (*See* ECF No. 193 at 48.) Regardless, however, the Court finds the objection without merit because Plaintiff still fails to show that any HCSO Defendant's actions adversely affected his First Amendment rights. As the Magistrate Judge correctly noted, the evidence before the Court indicates: that Plaintiff is housed in the most favorable unit available–a minimum security unit where cells have no doors and inmates share communal bathrooms; that Plaintiff enjoys more privileges than inmates in general population; that Plaintiff has not incurred any disciplinary charges; and that Plaintiff continues to receive a special diet, which is a favorable deviation from the Detention Center's general standards.

After review, therefore, the Court overrules Plaintiff's second objection.

As a third objection, Plaintiff asserts that the Magistrate Judge erred in finding that the "objective" evidence indicated that Plaintiff did not lose weight or experience health problems as a result of not getting meatless meals. (ECF No. 197 at 2.) According to Plaintiff, there is no such objective evidence, and the objective evidence to which the Magistrate Judge refers is actually subjective testimony and written reports by Defendants, which Plaintiff asserts is refuted by his testimony and the affidavits of Steven Morgan, Emanuel Johnson, William Alston, and Jesse Lamont Holmes. (*Id.* at 2-3.)

After *de novo* review, the Court finds no merit to Plaintiff's objection. First, Plaintiff's assertion that there is no objective evidence to support the Magistrate Judge's conclusion is simply incorrect, as it is clear that the Magistrate Judge relied on the objective medical records of Plaintiff's weight and BMI when addressing Plaintiff's alleged physical injuries.[3]

---

[3] The Magistrate Judge explained:

> Moreover, the medical records for Plaintiff show that on June 6, 2022, Plaintiff weighed 188 pounds (or 85.28 kg) with a BMI of 26. ECF No. 96-8 at 5. Using the weight provided by Plaintiff in early 2022 (172 pounds), it appears that he gained 16 pounds between January and June 2022, for an average weight gain of approximately 3 pounds per month during the second five months of confinement. Plaintiff's weight since early 2022 has remained relatively constant: on August 23, 2022, Plaintiff weighed 188 pounds (or 85.2 kg) with a BMI of 26, and on June 29, 2023, Plaintiff weighed 186 pounds. ECF Nos. 96-7 at ¶ 5c; 96-8 at 93. Dr. Garman, the medical director of the Detention Center, opined to a reasonable degree of medical certainty that Plaintiff's BMI qualifies him as overweight and that, aside from self-reports of fatigue and depression, Plaintiff has never presented with symptoms of malnutrition. ECF No. 96-7 at ¶ 6e–f (noting that signs of malnutrition include a BMI of less than 18.5, as well as reduced appetite, frequent illnesses, slow-healing wounds and feeling weak, tired and cold all the time).

(ECF No. 193 at 25-26.) The Magistrate Judge then specifically considered Plaintiff's assertion that Dr. Garman's evidence was falsified and noted that Plaintiff has not refuted the objective medical evidence regarding his weight or BMI and has not submitted medical evidence to establish that he is malnourished or underweight. Here again, in his objections, Plaintiff still does not point to anything to refute the objective medical evidence regarding his weight and BMI.

As an additional matter, the Court notes that the Magistrate Judge previously considered the objective medical evidence of Plaintiff's weight when recommending that the Court grant summary judgment in favor of the Medical Defendants, explaining that "Plaintiff has not presented any evidence that the initial weight loss

Second, the Court finds Plaintiff's objection irrelevant, as it does not alter the ultimate analysis of Plaintiff's claim. As the Magistrate Judge properly explained, Plaintiff has not offered any evidence to show "that *there was no combination of foods in each meal* that would have provided him with adequate sustenance without causing adverse medical consequences," and as a result, Plaintiff cannot establish that he suffered an "extreme deprivation" for purposes of his dietary claims. *See Scinto*, 841 F.3d at 233-34 ("[The constitutional] requirement that prisoners receive special diets when medically appropriate is not without limit. Courts have consistently held that prison officials comply with this mandate when they provide some food that the complaining prisoner is able to eat without compromising his health."); *Blackburn*, No. C A 006-2011-PMD-BM, 2009 WL 632542, at *15 (D.S.C. Mar. 10, 2009) (citing *Abernathy v. Cunningham*, 393 F.2d 775, 778 (4th Cir. 1968)), *aff'd*, 404 F. App'x 810 (4th Cir. 2010) ("The Fourth Circuit has held that a correctional facility is not obligated to provide a special meal to any inmate if an inmate can voluntarily refrain from eating certain offensive portions of meals and remain healthy."). After *de novo* review, the Court finds no error in the Magistrate Judge's analysis, and the Court overrules Plaintiff's third objection.

Next, Plaintiff objects that the Magistrate Judge "overzealously advocates for the Defendants by falsely stating 'Plaintiff has not provided any relevant authority in support of [his argument that the Defendants should have diagnosed his dietary condition].'" (ECF No. 197 at 3 (quoting ECF No. 193 at 37, n. 16.) According to Plaintiff, he "has repeatedly

---

constituted a serious medical condition or that it was even medically significant." (ECF No. 175 at 18-19.) This Court previously adopted those findings. (*See* ECF No. 184 at 6.)

referenced the Defendants' obligations to investigate Plaintiff's medical complaints enough to make an informed decision about Plaintiff's treatment, and it is undisputed that here, the Defendants never did so." (*Id.*) Plaintiff also objects to the Magistrate Judge's finding that the issue is moot because Defendants eventually fed Plaintiff tofu, asserting that "mootness should not be an excuse at this juncture because the injuries had been inflicted." (*Id.*)

After *de novo* review, the Court finds this objection wholly without merit. In her Report, the Magistrate Judge explained that Plaintiff had not provided any "relevant authority" to support the argument that "the Detention Center should incur the cost of having his animal protein intolerance diagnosed by a physician for purposes of addressing his dietary needs." (ECF No. 193 at 37, n. 16.) In his objection, Plaintiff still does not identify any *relevant authority* to support the argument that HCSO Defendants, who are not medical providers, should have diagnosed his alleged meat intolerance, and the Court is not aware of any such authority. Furthermore, the Court notes that it previously granted summary judgment in favor of the Medical Defendants, finding that they acted appropriately in response to Plaintiff's dietary complaints. Lastly, with regard to Plaintiff's objection to the Magistrate Judge's finding that Plaintiff's argument is moot in light of the dietary alternative that HCSO Defendants arranged for Plaintiff, the Court finds no error.

In all, the Court fully agrees with the Magistrate Judge's thorough and careful analysis of Plaintiff's dietary claims. As the Magistrate Judge properly concluded, not only can Plaintiff not establish that he has suffered a serious deprivation of a basic need for purposes of his § 1983 dietary claims, but also Plaintiff cannot establish that HCSO Defendants were intentionally, knowingly, or recklessly indifferent to the substantial risk of harm to Plaintiff or that any of HCSO Defendants' actions or inactions were objectively

unreasonable. Plaintiff's objection is thus overruled.

As a fifth objection, Plaintiff asserts that the Report "assists Defendant Collier with his defense by arguing that it is of no consequence that Cpl. Collier confiscated Plaintiff's prescribed heart monitor, because a cardiologist eventually (months later) opined that Plaintiff's cardiac symptoms are 'unlikely coming from his heart.'" (ECF No. 197 at 3 (quoting ECF No. 193 at 41).) Plaintiff complains that Collier took his heart monitor the same day it was prescribed, which was prior to the follow-up visit referenced by the Magistrate Judge, and according to Plaintiff, the Magistrate Judge unreasonably indicated that the prescription date for the heart monitor did not impact the analysis. (*Id*. at 3-4.)

After *de novo* review, the Court is not convinced by Plaintiff's objection. First, as Defendants point out in their response to Plaintiff's objections, this objection overlooks a fundamental flaw with Plaintiff's deliberate indifference claims related to the heart monitor, which is that this Court has already determined that Plaintiff does not have a heart condition. (*See* ECF No. 184 at 9 ("[T]he Court finds that the Magistrate Judge considered Plaintiff's complaints about the heart monitor, reviewed the actions taken thereafter as to Plaintiff's heart concerns, and properly concluded based on all the medical reasons that Plaintiff does not have a heart condition.").) Because Plaintiff cannot establish a serious medical condition, he cannot establish that Collier (or any other HCSO Defendant) was deliberately indifferent regarding his medical care.

Furthermore, this objection completely ignores the Magistrate Judge's additional findings that legitimate penological concerns supported the actions taken by Collier, and that Collier was acting based upon guidance provided by medical staff, upon which he was permitted to rely. (ECF No. 193 at 42 ("The evidence establishes that Cpl. Collier placed

the heart monitor at the officer's desk consistent with Detention Center practices related to objects that could potentially be used for contraband, which is a concern in the penological environment. Additionally, Cpl. Collier first contacted the medical office regarding the monitor and was informed that it was appropriate for the device to stay at the officer's desk."). Ultimately, the Court finds that nothing in Plaintiff's objection alters the ultimate analysis of this claim, and the Court fully agrees with the Magistrate Judge that there is no genuine issue of material fact as to Plaintiff's claim for deliberate indifference to a serious medical need regarding the heart monitor.

In his objections Plaintiff next raises two "arguments." (*See* ECF No. 197 at 4-5.) First, he asserts that the Magistrate Judge improperly adopted Defendants' statements and reports as "objective" evidence while dismissing Plaintiff's testimony and the testimony of Steven Morgan, William Alston, Emanuel Johnson, and Jesse Lamont Holmes as subjective and unreliable. Second, Plaintiff asserts that, if the Court properly considers all of the testimony, then the Court will conclude that there are numerous disputes of material facts as to his claims.

The Court finds no merit to these arguments. First, with respect to Plaintiff's assertion that the Magistrate Judge only considered HCSO Defendants' evidence while dismissing his evidence, the Court disagrees. In her Report, the Magistrate Judge cites the declarations filed by Plaintiff as well has his lengthy second amended complaint and attached declarations on numerous occasions, and it is clear from this Court's independent review that the Magistrate Judge fairly and properly considered the entirety of the record–including the materials submitted by Plaintiff–when making her recommendations.

Next, with respect to Plaintiff's assertion that numerous disputes of material fact exist, the Court also disagrees. In her Report, the Magistrate Judge carefully noted when the record contained disagreements as to the facts, but she also properly explained why any such disagreements were not *material* to her analysis, and the Court finds that Plaintiff's objection fails to point to any error in the Magistrate Judge's ultimate analysis. *See Thompson*, 312 F.3d at 649 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). Instead, after *de novo* review, the Court fully agrees with the Magistrate Judge's analysis and finds that there are no genuine disputes of material fact as to any of Plaintiff's claims, and HCSO Defendants are therefore entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, the Court **overrules** Plaintiff's objections (ECF No. 197); the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 193); the Court **grants** HCSO Defendants' motion for summary judgment (ECF No. 141); and the Court **denies** Plaintiff's motion for summary judgment (ECF No. 148).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 30, 2024
Charleston, South Carolina